In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v CARL DUNBAR, Respondent. [859 NYS2d 185]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered on or about October 5, 2007, which denied the petition to stay arbitration of respondent's uninsured motorist (UM) benefits claim and dismissed the proceeding, unanimously reversed, on the law, without costs, and the petition granted.

Respondent, who was injured while a passenger in a motor vehicle, owned and operated by Chambers, involved in a hit-

and-run accident, received a settlement payment of $25,000, based on the liability of the driver, insured by petitioner, for his own negligence. Respondent then sought to arbitrate a claim for a similar amount, which was the limit of the uninsured motorist coverage of the vehicle, based on the responsibility of the unidentified hit-and-run driver. Petitioner insurer sought to stay arbitration on the ground that any recovery based on uninsured motorist benefits (to a limit of $25,000) is offset by the $25,000 respondent has already recovered for this same injury. Respondent's demand for arbitration clearly refers to the policy issued to driver Chambers. However, the only policy included in the record, in this proceeding to stay arbitration, is a separate policy issued by petitioner to the injured respondent passenger himself, in which respondent purchased supplemental uninsured/underinsured (SUM) coverage, and the court appears to have denied the petition to stay arbitration on the ground that petitioner failed to make a sufficient showing that recovery under the Chambers policy precludes recovery under the SUM provision of the policy issued to respondent.

Since respondent received $25,000 in settlement of his claimed injuries, any potential UM claim under either the Chambers policy or a SUM claim under respondent's own policy was offset by the prior settlement payment (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Barriga,* 281 AD2d 200 [2001]). Sufficient evidence was presented to the court to make such determination, inasmuch as there was no dispute as to the existence and terms of the Chambers policy or the amount of payment of the settlement in the underlying action. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.